RESOLUCIÓN
A la petición de certificación que presentaron los peticionarios, “no ha lugar”. Véase Trinidad Hernández et al. v. ELA et al., 188 DPR 828 (2013). Esa opinión dispone de los señalamientos y fundamentos expuestos por los peticionarios. Del propio estatuto se desprende con claridad que los beneficios de aguinaldo de navidad y aumentos trienales no son parte de la pensión de los retirados. Sobre el particular, el Art. 1-101 de la Ley Núm. 447 de 15 de mayo de 1951, según enmendado, 3 LPRA see. 761, dis-pone, en lo pertinente:
Por las sees. 761 a 788 de este título se crea un sistema de retiro y beneficios que se denominará Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico el cual se considerará un fideicomiso. Los fondos del Sis-tema que por la presente se crea, se utilizarán y aplicarán, según lo dispuesto en las sees. 761 a 788 de este título, en provecho de los miembros participantes de su matrícula, sus dependientes y beneficiarios, para el pago de anualidades por retiro y por incapacidad, anualidades y beneficios por defun-ción y otros beneficios, una vez satisfechos los requisitos que más adelante se establecen, para en esta forma conseguir eco-nomía y eficiencia en el funcionamiento del Gobierno del Es-tado Libre Asociado de Puerto Rico.
*103 Advertimos de su faz que el Art. 1-101, supra, no define qué constituye la pensión. Eso se hace en el Art. 2-101 de la Ley Núm. 447, según enmendado, 3 LPRA see. 766. Allí se define la pensión como “una anualidad por retiro” y se es-tablece la fórmula que determina la elegibilidad y el im-porte de esa anualidad. Lo único que se hace en el Art. 1-101, supra, es establecer que el fideicomiso de retiro se estableció para pagar la anualidad, los beneficios específi-cos que allí se mencionan “y otros beneficios” que el legis-lador adopte; no los hace parte de la anualidad.
Definida la pensión como una “anualidad por retiro”, tenemos que concluir que los otros beneficios concedidos no son parte de la pensión. Son beneficios adicionales que la Asamblea Legislativa ha concedido. En otras palabras, son lo que la ley dice que son; “otros beneficios”. Es por eso que en Trinidad Hernández et al. v. ELA et al., supra, pág. 11 esc. 2, dijimos que “los beneficios otorgados mediante las leyes especiales que la Reforma del Sistema de Retiro eli-mina no forman parte de su pensión”.
Abona a nuestra conclusión el trato desigual que el le-gislador ha dado a esos beneficios. Por ejemplo, el aumento de tres por ciento en las pensiones que se otorgó mediante legislación se sufragaría, por mandato legislativo, por el presupuesto general del Estado Libre Asociado. Art. 3 de la Ley Núm. 157-2003 (3 LPRA see. 761 n.). En cambio, el aguinaldo de Navidad a los pensionados se sufragaría por el fideicomiso del sistema de retiro. Art. 3 de la Ley Núm. 98 de 4 de junio de 1980, según enmendada, 3 LPRA see. 761 n. Así, pues, es evidente que todos los beneficios espe-ciales no se sufragan del fideicomiso del sistema de retiro.
Conforme con lo expuesto, reiteramos que la eliminación de beneficios adicionales a los retirados que introdujo la Ley Núm. 3-2013 no constituye un menoscabo que viole la Constitución. Véanse: Art. 1, Sec. 10 de la Constitución de Estados Unidos, LPRA, Tomo 1; Art. II, Sec. 7 de la Constitución de Puerto Rico, LPRA, Tomo 1.
*104 Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado Señor Estrella Martínez emitió un voto particular disidente, al cual se unen la Jueza Asociada Señora Pabón Charneco y los Jue-ces Asociados Señores Kolthoff Caraballo y Rivera García.
(Fdo.) Camelia Montilla Alvarado Secretaria del Tribunal Supremo Interina